1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   MIDWAY PLAZA LP,                        Case No.:  22-CV-90 JLS (JLB)

12                                           **ORDER GRANTING PLAINTIFF'S**
                                Plaintiff,   **MOTION TO REMAND TO STATE**
13                                           **COURT**
     v.
14                                           (ECF No. 2)
     REBECCA ZATARAIN and LUIS
15   FERNANDO OCHOA CASTRO,

16                               Defendants.

17

18

19          Presently before the Court is Plaintiff Midway Plaza LP's Motion to Remand to State

20   Court ("Mot.," ECF No. 2).  Defendant Luis Fernando Ochoa Castro ("Mr. Castro") has

21   not filed an opposition to the Motion. *See generally* Docket.  The Court vacated the hearing

22   and took the matter under submission without oral argument pursuant to Civil Local Rule

23   7.1(d)(1).  ECF No. 3.  For the following reasons, the Court **GRANTS** Plaintiff's Motion.

24                                   **BACKGROUND**

25          Plaintiff Midway Plaza LP and Defendants Rebecca Zatarain and Mr. Castro

26   (collectively, "Defendants") have a landlord/tenant relationship involving a month-to-

27   month leasing arrangement for the commercial premises located at 2373 Midway Drive in

28   ///

1

San Diego, California.  Mot. at 3.  In October of 2021, Plaintiff notified Defendants of its intent to terminate the lease by issuing a 30-day notice to terminate tenancy.  *Id.*

On December 6, 2021, Plaintiff brought an unlawful detainer action against Defendants in the Superior Court of California, County of San Diego.  Ex. A ("Compl.") at 1, ECF No. 1.  Plaintiff served Mr. Castro with the summons and complaint on December 11, 2021.  Ex. B at 16, ECF No. 1.  Plaintiff filed a motion to quash service in the state court, which the court denied on January 12, 2022.  Mot. at 6.

Mr. Castro first removed the action to the United States District Court for the Central District of California on January 21, 2022.  Mot. at 3; *see also Midway Plaza LP v. Zatarain*, Case No. 22-cv-00474-AB-JEM (C.D. Cal. Jan. 21, 2022).  On January 24, 2022, Mr. Castro removed the action to this Court.  *See generally* Notice of Removal.  In his Notice of Removal, Mr. Castro asserts this Court has subject matter jurisdiction over this case pursuant to both 28 U.S.C. §§ 1331 and 1332.  Notice of Removal ¶¶ 2, 7.

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court.  28 U.S.C. § 1441(a).  Section 1441 provides two bases for removal: diversity jurisdiction and federal question jurisdiction.  Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $ 75,000, and the parties are of "diverse" state citizenship.  28 U.S.C. § 1332.  Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject matter jurisdiction exists.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Moreover, courts "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).  Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as ///

1   to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa*

2   *Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

3   **ANALYSIS**

4        Plaintiff argues that remand is appropriate because Mr. Castro's Notice of Removal

5   was untimely, and, even if it was timely, Mr. Castro has not established this Court's subject

6   matter jurisdiction.  Mot. at 2.  Additionally, Plaintiff argues that it should be awarded

7   attorneys' fees and costs because Mr. Castro filed "a sham Notice of Removal in two

8   different district courts for the sole purpose of delaying unlawful detainer proceedings in

9   state court[.]"  *Id.* at 8.  Because the Court agrees that removal was untimely and there is

10  no basis for this Court's subject matter jurisdiction, the Court grants Plaintiff's Motion to

11  Remand.

12  **I.      Lack of Opposition**

13       As an initial matter, Mr. Castro has failed to oppose Plaintiff's Motion to Remand.

14  The Ninth Circuit has held that pursuant to a local rule a district court may properly grant

15  a motion for failure to respond.  *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

16  1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had

17  notice of the motion and ample time to respond).  Here, a local rule does allow the Court

18  to grant the Motion: Civil Local Rule 7.1.f.3.c. provides "[i]f an opposing party fails to file

19  [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may

20  constitute a consent to the granting of a motion or other request for ruling by the court."

21  An opposition must be filed 14 days prior to the noticed hearing.  S.D. Cal. Civ. R. 7.1.e.2.

22  The hearing for the present Motion was set for March 17, 2022, at 1:30 p.m.; thus, any

23  opposition was due on March 3, 2022.  Based on Mr. Castro's lack of opposition, the Court

24  **GRANTS** Plaintiff's Motion to Remand as unopposed.  However, as set forth below, even

25  if Mr. Castro had timely filed an opposition to Plaintiff's Motion to Remand, this Court

26  would have reached the same result, *i.e.*, that the case should be remanded.

27  ///

28  ///

3

## II.   Timeliness of Removal

Plaintiff argues that Mr. Castro's removal was untimely.  Mot. at 6.  The rules regarding removal in the United States Code require that a notice of removal be filed within thirty days of when the defendant receives a copy of the initial pleading.  28 U.S.C. § 1446(b).  However, when the initial pleading is not removable, the defendant may file its notice of removal within thirty days of receiving the paper from which "it may first be ascertained that the case is one which is or has become removable."  *Id.*  A motion to quash service does not toll the thirty-day removal period provided by § 1446(b).  *See Knutson v. Allis-Chambers Corp.*, 358 F. Supp. 2d 983, 990 (D. Nev. 2005) (finding right of removal is a creature of statute and jurisdiction is confined to the precise limits defined by statute).

The initial complaint was served in this case on December 11, 2021, and Mr. Castro filed his Notice of Removal on January 24, 2022.  Although Mr. Castro disputed proper service of the summons and complaint by filing a motion to quash, the thirty-day period within which to remove this action began to run on December 11, 2021.  *See Hosp. Network, LLC v. KoolConnect Techs., Inc.*, No. 2:09-CV-1382-RLH-GWF, 2009 WL 10694062, at *2 (D. Nev. Nov. 24, 2009) (finding motion to quash did not toll the thirty-day rule for removal).  Mr. Castro's Notice of Removal was filed forty-four days after he was served with the summons and complaint.  Therefore, removal was not timely, which provides another basis to grant Plaintiff's Motion.

## III.   Subject Matter Jurisdiction

Even if Mr. Castro had timely removed this case, however, this Court finds this case should be remanded for lack of subject matter jurisdiction.  Plaintiff argues that there is no federal question jurisdiction because this case does not raise or implicate federal law, and there is no diversity jurisdiction because the amount in controversy is not satisfied and the parties are not completely diverse.  Mot. at 2.

### A.   Federal Question

To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's complaint.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S.

4

826, 830 (2002).  This is an unlawful detainer action governed by California Code of Civil Procedure §§ 1159–1179(a).  Plaintiff's Complaint does not present any federal questions and only states a state law unlawful detainer claim.  "Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction." *Ralph Partners II, LLC v. Tate*, No. 18-CV-03030-LB, 2018 WL 3213974, at *1 (N.D. Cal. July 1, 2018) (collecting cases).  Therefore, the action does not involve or implicate any federal question.

### *B.   Diversity*

Diversity jurisdiction requires that the plaintiff and defendant be of different citizenship and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332.  The caption of Plaintiff's Complaint indicates that the amount demanded is "under $10,000." Ex. A ("Compl.") at 1, ECF No. 1.  Thus, the Court can find no basis to support Defendant's assertion that "[f]rom the face of the Complaint . . . it is apparent that the amount in controversy more likely than not exceeds $75,000.00, exclusive of interest and costs." Notice of Removal ¶ 8.  "In unlawful-detainer actions, the right to possession of the property is contested, not title to the property, and the plaintiff may collect only damages that are incidental to that unlawful possession."  *Ralph Partners II, LLC*, 2018 WL 3213974, at *2.  Because at least one of the two requirements for diversity jurisdiction is not met, there is no diversity jurisdiction basis for removal in this case.

Thus, because Mr. Castro fails to establish that this Court has subject matter jurisdiction over the matter, this provides another basis to grant Plaintiff's Motion to Remand.

### IV.   Request for Attorneys' Fees and Costs

In its Motion, Plaintiff also makes a request for attorneys' fees and costs to compensate for the costs associated with bringing the instant Motion to Remand.  Mot. at 8. Plaintiff argues that Mr. Castro removed this proceeding in bad faith because Mr. Castro removed the Complaint first to the United States District Court for the Central District of California on January 21, 2022, then three days later removed to this Court.  Based on the

1  untimely removal, the lack of subject matter jurisdiction, and the multiple removals,

2  Plaintiff argues the Notice of Removal was a "sham . . . for the sole purpose of delaying

3  unlawful detainer proceedings." Mot. at 8.

4      The request for fees and costs is made pursuant to 28 U.S.C. § 1447(c), which

5  permits "payment of just costs and any actual expenses, including attorney fees, incurred

6  as a result of the removal." "Absent unusual circumstances, courts may award attorney's

7  fees under § 1447(c) only where the removing party lacked an objectively reasonable basis

8  for seeking removal. Conversely, when an objectively reasonable basis exists, fees should

9  be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Removal is not

10 objectively unreasonable solely because the removing party's arguments lack merit and the

11 removal is ultimately unsuccessful. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062,

12 1065 (9th Cir. 2008). Rather, the court should assess "whether the relevant case law clearly

13 foreclosed the defendant's basis of removal" by examining the "clarity of the law at the

14 time of removal." *Id.* at 1066. In *Martin*, the Supreme Court explained:

15
16
17
18  > The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when statutory criteria are satisfied.

19

20 *Martin*, 546 U.S. at 140.

21     Given the well-settled law regarding the jurisdiction of federal courts, the Court

22 concludes that Mr. Castro had no objectively reasonable basis to remove this action.

23 Plaintiff's Complaint presented no federal question because it contained only a state law

24 claim for unlawful detainer. Additionally, there was no basis for diversity jurisdiction

25 because the amount in controversy requirement is clearly not met on the face of Plaintiff's

26 Complaint. Mr. Castro's failure to oppose the present Motion and his duplicate filings for

27 removal in different district courts provide further evidence of the frivolity of the removal

28 attempt in this case. Based on the foregoing, the Court finds that an award of fees and costs

is appropriate in this case to deter removals sought to prolong litigation.  *See Martin*, 546 U.S. at 140.

As to the amount of attorneys' fees and costs, Plaintiff's counsel Mr. Stallone avers that his "hourly rate is $300.00, and [he has] spent 4.5 hours retrieving documents from PACER, researching applicable Federal law, writing and otherwise preparing this motion for filing." Affidavit of David O. Stallone ("Stalone Aff.," ECF No. 2-1) ¶ 5.  Additionally, Plaintiff seeks to recover $402 in costs for filing the present Motion.  *Id.*  The Court finds Mr. Stallone's rates are in line with those prevailing in this District for similar services of lawyers of reasonably comparable skill and reputation; the hours expended and for which reimbursement is requested are reasonable; and the requested costs are typical and reasonable.  *See Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

The Court therefore **GRANTS** Plaintiff's request for attorneys' fees and costs and **ORDERS** Mr. Castro to pay Plaintiff $1752.00.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 2) and **REMANDS** this action to the Superior Court of the State of California, County of San Diego.  Additionally, under the discretion allowed by 28 U.S.C. § 1447(c), the Court **GRANTS** Plaintiff's request for attorneys' fees and costs.  Defendant Luis Fernando Ochoa Castro **SHALL REMIT** $1752.00 to Plaintiff.  The Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  April 6, 2022

Hon. Janis L. Sammartino
United States District Judge